IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NEW YORK

| | | |
|---|---|---|
| DEBORAH A. FAMIGHETTE, | ) | **Complaint for Employment Discrimination** |
| PLAINTIFF, | ) | |
| | ) | Case No.:_____ |
| vs. | ) | |
| | ) | |
| JOSEPH ROSE and | ) | Plaintiff demands a Jury Trial |
| TOWN OF HUNTINGTON, NY, | ) | |
| | ) | |
| DEFENDANTS. | ) | |

Comes the Plaintiff, Deborah A. Famighette, for her Complaint against the Defendants, Joseph Rose and Town of Huntington, NY:

**PARTIES TO THE COMPLAINT**

1. Plaintiff, a resident of Suffolk County, New York and a female over the age of fifty-eight (58), was during the relevant period a permanent employee of Defendant, Town of Huntington, NY, as Executive Secretary to the Director of Public Safety of Town of Huntington, NY since 2001.

2. At all times pertinent, Defendant, Joseph Rose, was a permanent employee of Defendant, Town of Huntington, NY, as Supervisor of Code Enforcement and Director of Public Safety of Town of Huntington, NY.

3. At all times pertinent, Plaintiff's Employer, pursuant to Title VII of the Civil Rights Act of 1964 (as amended), 42 U.S.C. Sec. 2000 (et. seq.), and Age Discrimination in

1

Employment Act of 1967 (as amended), 29 U.S.C. Sec. 621 to 634, is the Town of Huntington, NY.

## BASIS FOR JURISDICTION

4. This Court has original jurisdiction in this action pursuant to Title VII of the Civil Rights Act of 1964, as codified, 42 U.S.C. Sections 2000e to 2000e-17, and Age Discrimination in Employment Act of 1967 (ADEA), as codified, 29 U.S.C. Sections 621 to 634. The jurisdiction of this Court is invoked to secure protection and redress deprivation of the rights guaranteed by federal law, which rights provide for injunctive relief and other relief for illegal employment discrimination. The amount in controversy in this action exceeds the jurisdictional limits of this Court.

## STATEMENT OF FACTUAL ALLEGATIONS

5. Plaintiff alleges that Defendants wrongfully and unlawfully terminated her based on her gender and/or age.

6. Prior to 2001, Plaintiff had worked in public service for over twenty-two (22) years.

7. In 2001, Plaintiff was hired by Defendant, Town of Huntington, NY, to serve as Executive Secretary to the Director of Public Safety of Town of Huntington, NY, who was Bruce Richards at such time.

8. From 2001 to 2010, Plaintiff served as Executive Secretary to the Director of Public Safety of Town of Huntington, NY Bruce Richards for nine (9) years with distinction and commendation.

9. Plaintiff continued to serve as Executive Secretary to the Director of Public Safety of Town of Huntington, NY when Kenneth Lindahl replaced Bruce Richards in 2010.

10. From 2010 to 2015, Plaintiff served as Executive Secretary to the Director of Public Safety of Town of Huntington, NY Kenneth Lindahl for four (4) years with distinction and commendation.

11. In 2013, Nicole Bologna started working in the Office of the Director of Public Safety of Town of Huntington, NY as an administrative clerk on a part-time seasonal basis.

12. From the time she started, Nicole Bologna received undue attention from the other male staff members of the office of the Director of Public Safety of the Town of Huntington, NY especially from Defendant, Joseph Rose, who was then the Supervisor of Code Enforcement in the office of the Director of Public Safety of the Town of Huntington, NY. This attention was due to Nicole Bologna's age and attractiveness.

13. In March of 2015, Plaintiff continued to serve as Executive Secretary to the Director of Public Safety of Town of Huntington, NY when Defendant, Joseph Rose, replaced Kenneth Lindahl as the Director of Public Safety of Town of Huntington, NY.

14. On or about April 17, 2015, Defendant, Joseph Rose, terminated Plaintiff for no reason other than to replace her with Nicole Bologna as Executive Secretary to the Director of Public Safety of Town of Huntington, NY.

15. On or about April 17, 2015, Nicole Bologna was only twenty-three (23) years old, inexperienced, and without the proper qualifications and credentials to be hired as Executive Secretary to the Director of Public Safety of Town of Huntington, NY.

16. On or about April 17, 2015, Defendant, Joseph Rose, replaced Plaintiff with Nicole Bologna as Executive Secretary to the Director of Public Safety of Town of

Huntington, NY only because she was younger, more attractive, and more receptive to Defendant, Joseph Rose's, attention.

17. On or about April 17, 2015, Defendant, Joseph Rose, replaced Plaintiff with Nicole Bologna as Executive Secretary to the Director of Public Safety of Town of Huntington, NY because Plaintiff was in her late fifties (50's) and a woman subjectively unattractive to Defendant, Joseph Rose.

18. On or about April 17, 2015, Plaintiff had served as Executive Secretary to the Director of Public Safety of Town of Huntington, NY for over fourteen (14) years without incident.

19. On or about April 17, 2015, Plaintiff had served as Executive Secretary to the Director of Public Safety of Town of Huntington, NY for over fourteen (14) years without any documented instances of verbal or written warning for any inappropriate behaviors, actions or statements.

20. On or about April 17, 2015, Plaintiff had served as Executive Secretary to the Director of Public Safety of Town of Huntington, NY for over fourteen (14) years effectively, efficiently and subordinately.

## COUNT I
## GENDER DISCRIMINATION

21. Plaintiff incorporates as if fully restated all the allegations previously written.

22. On or about April 17, 2015, Plaintiff was terminated by Defendants in violation of Title VII of the Civil Rights Act of 1964 based on her gender.

23. On or about April 17, 2015, Plaintiff was terminated by Defendants without cause.

24. On or about April 17, 2015, Plaintiff was terminated by Defendants unjustifiably.

25. On or about April 17, 2015, Plaintiff was terminated by Defendants unlawfully.

26. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56).

27. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was unattractive to Defendant, Joseph Rose.

28. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was unappealing to Defendant, Joseph Rose.

29. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was not sexually attractive to Defendant, Joseph Rose.

30. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) and in order to replace her with another female, namely, Nicole Bologna, who was more younger, more attractive, more appealing, and more sexually attractive to Defendant, Joseph Rose.

31. The above-described actions by Defendant, Joseph Rose, and other male staff members in the Office of the Director of Public Safety of Town of Huntington, NY created a hostile work environment where Plaintiff was ultimately terminated based on the fact that she was a female over the age of fifty-six (56).

32. As a direct and proximate result of the actions of Defendants, Plaintiff suffered great

embarrassment, humiliation, mental and physical anguish, and financial hardship.

## COUNT II
## AGE DISCRIMINATION

33. Plaintiff incorporates as if fully restated all the allegations previously written.

34. On or about April 17, 2015, Plaintiff was terminated by Defendants in violation of Age Discrimination in Employment Act of 1967 based on her age.

35. On or about April 17, 2015, Plaintiff was terminated by Defendants without cause.

36. On or about April 17, 2015, Plaintiff was terminated by Defendants unjustifiably.

37. On or about April 17, 2015, Plaintiff was terminated by Defendants unlawfully.

38. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56).

39. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was unattractive to Defendant, Joseph Rose.

40. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was unappealing to Defendant, Joseph Rose.

41. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was not sexually attractive to Defendant, Joseph Rose.

42. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) and in order to replace her with

6

another female, namely, Nicole Bologna, who was more younger, more attractive, more appealing, and more sexually attractive to Defendant, Joseph Rose.

43. The above-described actions by Defendant, Joseph Rose, and other male staff members in the Office of the Director of Public Safety of Town of Huntington, NY created a hostile work environment where Plaintiff was ultimately terminated based on the fact that she was a female over the age of fifty-six (56).

44. As a direct and proximate result of the actions of Defendants, Plaintiff suffered great embarrassment, humiliation, mental and physical anguish, and financial hardship.

## COUNT III
## GENDER PLUS AGE DISCRIMINATION

45. Plaintiff incorporates as if fully restated all the allegations previously written.

46. On or about April 17, 2015, Plaintiff was terminated by Defendants in violations of Title VII of the Civil Rights Act of 1964 and Age Discrimination in Employment Act of 1967 based on her gender plus age.

47. On or about April 17, 2015, Plaintiff was terminated by Defendants without cause.

48. On or about April 17, 2015, Plaintiff was terminated by Defendants unjustifiably.

49. On or about April 17, 2015, Plaintiff was terminated by Defendants unlawfully.

50. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56).

51. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was unattractive to Defendant, Joseph Rose.

52. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was unappealing to Defendant, Joseph Rose.

53. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was not sexually attractive to Defendant, Joseph Rose.

54. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) and in order to replace her with another female, namely, Nicole Bologna, who was more younger, more attractive, more appealing, and more sexually attractive to Defendant, Joseph Rose.

55. The above-described actions by Defendant, Joseph Rose, and other male staff members in the Office of the Director of Public Safety of Town of Huntington, NY created a hostile work environment where Plaintiff was ultimately terminated based on the fact that she was a female over the age of fifty-six (56).

56. As a direct and proximate result of the actions of Defendants, Plaintiff suffered great embarrassment, humiliation, mental and physical anguish, and financial hardship.

## COUNT IV
## AGE PLUS GENDER DISCRIMINATION

57. Plaintiff incorporates as if fully restated all the allegations previously written.

58. On or about April 17, 2015, Plaintiff was terminated by Defendants in violation of Age Discrimination in Employment Act of 1967 and Title VII of the Civil Rights Act of 1964 based on her age plus gender.

59. On or about April 17, 2015, Plaintiff was terminated by Defendants without cause.

60. On or about April 17, 2015, Plaintiff was terminated by Defendants unjustifiably.

61. On or about April 17, 2015, Plaintiff was terminated by Defendants unlawfully.

62. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56).

63. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was unattractive to Defendant, Joseph Rose.

64. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was unappealing to Defendant, Joseph Rose.

65. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) who was not sexually attractive to Defendant, Joseph Rose.

66. On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was a female over the age of fifty-six (56) and in order to replace her with another female, namely, Nicole Bologna, who was more younger, more attractive, more appealing, and more sexually attractive to Defendant, Joseph Rose.

67. The above-described actions by Defendant, Joseph Rose, and other male staff members in the Office of the Director of Public Safety of Town of Huntington, NY created a hostile work environment where Plaintiff was ultimately terminated based on the fact that she was a female over the age of fifty-six (56).

9

68. As a direct and proximate result of the actions of Defendants, Plaintiff suffered great embarrassment, humiliation, mental and physical anguish, and financial hardship.

## EXHAUSTION OF FEDERAL ADMINISTRATIVE REMEDIES

69. Plaintiff incorporates as if fully restated all the allegations previously written.

70. Plaintiff filed a complaint on January 26, 2016 with the U.S. Equal Employment Opportunity Commission ("EEOC") alleging violations Title Age Discrimination in Employment Act of 1967.

71. On June 15, 2016, the EEOC issued a Notice of Dismissal and Right to Sue.

72. On June 23, 2016, the EEOC issued a Notice of Intent to Reconsider which vacated the Notice of Dismissal and Right to Sue issued on June 15, 2016.

73. On February 6, 2017, the EEOC issued a Notice of Dismissal and Right to Sue.

74. More than sixty (60) days have elapsed since Plaintiff's filing of charge of age discrimination with the EEOC.

## RELIEF

**WHEREFORE**, Plaintiff, Deborah A. Famighetti, demands judgment against Defendants, Joseph Rose and Town of Huntington, NY, in the amount which will compensate her for:

A.  Violations of her rights under Title VII of the Civil Rights Act of 1964;

B.  Violations of her rights under Age Discrimination in Employment Act of 1967;

C.  Compensatory damages including lost wages, past and future and/or impairment

of power to earn money; physical pain, emotional distress and humiliation, past and future; and past and future medical expenses;

    D.    Punitive damages to punish Defendant for its willful, wanton, oppressive, malicious, and/or grossly negligent conduct;

    E.    Trial by jury on all issues so triable;

    F.    Costs expended herein, including reasonable attorney's fees;

    G.    Pre-judgment and post-judgment interest; and

    H.    Any and all other relief to which she may be entitled.

Respectfully submitted,

*[signature]*

Shawn Alfano, Esq.
Daniel Buttafuoco & Associates, PLLC
Attorneys for Plaintiff
144 Woodbury Road
Woodbury, NY 11797
(516) 746-8100

11

VERIFICATION

STATE OF NEW YORK )
)ss.:
COUNTY OF NASSAU )

I, Deborah A. Famighette, being duly sworn, deposes and says:

I am the Claimant in the within action, I have read the foregoing complaint and know the contents thereof, the same is true to my own knowledge, except as to those matters therein stated to be alleged upon information and belief, and as to those matters I believe them to be true.

*Deborah A. Famighette*
DEBORAH A. FAMIGHETTE

Sworn to before me this
28 day of April, 2017   **KAREN M. TURPEL**
**Notary Public, State of New York**
**No. 01TU5069794**
**Qualified in Suffolk County**
**Commission Expires December 2, 20 18**

NOTARY PUBLIC