UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------X
DEBORAH A. FAMIGHETTE,

                       Plaintiff,         **MEMORANDUM AND ORDER**
                                                              2:17-cv-2553 (DRH)(ARL)

   - against –

JOSEPH ROSE and TOWN OF HUNTINGTON,
NY,

                       Defendants.
-------------------------------------------------------X

**APPEARANCES**

**DANIEL P. BUTTAFUOCO & ASSOCIATES, PLLC**
Attorney for Plaintiff
144 Woodbury Road
Woodbury, NY 11797
By:     Shawn M. Alfano, Esq.

**LAW OFFICES OF JAMES P. CLARK, P.C.**
Attorney for Defendants
256 Main Street, Suite 202
Northport, NY 11768
By:     James P. Clark, Esq.

**HURLEY, Senior District Judge:**

## INTRODUCTION

       Plaintiff Deborah Famighette ("Plaintiff") brought this action for employment discrimination against the Town of Huntington ("Town") and Interim Director of Public Safety for the Town, Joseph Rose ("Rose," collectively "Defendants") alleging claims of gender discrimination under Title VII of the Civil Rights Act of 1964, and age discrimination under the Age Discrimination in Employment Act ("ADEA"). (Compl. [DE 1] ¶¶ 21–68.)

Presently before the Court is Defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6) ("Rule 12(b)(6)") for failure to state a claim on which relief can be granted. (Def.s Mem. in Supp. [DE 10] at 2 (hereinafter "Mem. in Supp.").) For the reasons explained below, the motion to dismiss is granted in part and denied in part.

## BACKGROUND

The following relevant facts come from the Complaint and are assumed true for purposes of the motion to dismiss.

Plaintiff is a woman "over the age of fifty-eight" years old. (Compl. [DE 1] ¶ 1.) She was fifty-six years old at the time that the events leading to this litigation occured. In 2001, Plaintiff was hired by the Town to serve as Executive Secretary to the Director of Public Safety, Bruce Richards. (*Id.* ¶¶ 1, 8.) Plaintiff worked for Mr. Richards for 9 years "with distinction and commendation." (*Id.*) In 2010, Kenneth Lindahl replaced Mr. Richards and Plaintiff worked for him for 4 years, also "with distinction and commendation." (*Id.* ¶¶ 9–10.)

In March 2015, Defendant Rose replaced Mr. Lindahl as Director of Public Safety. (*Id.* ¶ 13.) Plaintiff alleges that on or about April 17, 2017, Defendant Rose fired Plaintiff and promoted a 23-year-old woman named Nicole Bologna to the position of Executive Secretary. (*Id.* ¶ 14.) Ms. Bologna had worked part-time for the Town as an administrative clerk before her promotion. (*Id.* ¶ 11.) Plaintiff alleges that Ms. Bologna was "inexperienced, and without the proper qualifications and credentials to be hired as Executive Secretary" and that Ms. Bologna replaced Plaintiff "only because she was younger, more attractive, and more receptive to [Rose's] attention." (*Id.* ¶ 16.) In the fourteen years that Plaintiff served as Executive Secretary, she never had any incident or received any warning for inappropriate behaviors, actions, or statements. (*Id.* ¶ 18–19.)

# LEGAL STANDARD

In deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a court should "draw all reasonable inferences in Plaintiff['s] favor, assume all well-pleaded factual allegations to be true, and determine whether they plausibly give rise to an entitlement to relief." *Faber v. Metro. Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011) (internal quotation marks omitted). The plausibility standard is guided by two principles. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007)); *accord Harris v. Mills*, 572 F.3d 66, 71–72 (2d Cir. 2009).

First, the principle that a court must accept all allegations as true is inapplicable to legal conclusions. Thus, "threadbare recitals of the elements of a cause of action supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Although "legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Id.* at 679. A plaintiff must provide facts sufficient to allow each named defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery. *See Twombly*, 550 U.S. at 555.

Second, only complaints that state a "plausible claim for relief" can survive a motion to dismiss. *Iqbal,* 556 U.S. at 679. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a 'probability requirement,' but asks for more than a sheer possibility that defendant acted unlawfully. Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line' between possibility and plausibility of 'entitlement to relief.'" *Id.* at 678 (quoting *Twombly*, 550 U.S. at 556-57) (internal citations omitted); *see In re Elevator Antitrust Litig.*, 502 F.3d 47, 50 (2d Cir.

2007). Determining whether a complaint plausibly states a claim for relief is "a context specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 679; *accord Harris*, 572 F.3d at 72.

To establish a prima facie case of unlawful discrimination, a plaintiff must show (1) that she is within the protected class, (2) she was qualified for the position, (3) she experienced adverse employment action, and (4) such action occurred under circumstances giving rise to an inference of discrimination. *Testa v. CareFusion*, 2018 WL 1611378, at *5 (E.D.N.Y. Apr. 3, 2018) (citing *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973)); *see also Gorzynski v. JetBlue Airways Corp.*, 596 F.3d 93, 107 (2d Cir. 2010) (citing *Carlton v. Mystic Transp., Inc.*, 202 F.3d 129, 134 (2d Cir. 2000). For both gender and age discrimination, "this burden is not a heavy one[.]" *Gorzynski*, 596 F.3d at 107.

To survive a motion to dismiss, a discrimination plaintiff need not allege facts establishing each element of a prima facie case of employment discrimination. *See Littlejohn v. City of New York*, 795 F.3d 297, 310-11 (2d Cir. 2015). "[A]t the pleadings stage . . ., a plaintiff has a 'minimal burden' of alleging facts 'suggesting an inference of discriminatory motivation.'" *Vega v. Hempstead Union Free Sch. Dist.*, 801 F.3d 72, 84 (2d Cir. 2015) (quoting *Littlejohn*, 795 F.3d at 310). The allegations in the complaint "need not give plausible support to the ultimate question of whether the adverse employment action was attributable to discrimination. They need only give plausible support to a minimal inference of discriminatory motivation." *Littlejohn*, 795 F.3d at 311; *see also Vega*, 801 F.3d at 87 ("[A] plaintiff must allege that the employer took adverse action against [him] at least in part for a discriminatory reason, and [he] may do so by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination.")

"An inference of discrimination can arise from circumstances including, but not limited to, 'the employer's . . . invidious comments about others in the employee's protected group; or the more favorable treatment of employees not in the protected group; or the sequence of events leading to the plaintiff's discharge.'" *Littlejohn*, 795 F.3d at 312 (quoting *Leibowitz v. Cornell Univ.*, 584 F.3d 487, 502 (2d Cir. 2009)).  Courts making the plausibility determination should do so "mindful of the elusive nature of intentional discrimination" and the frequency by which plaintiffs must "rely on bits and pieces of information to support an inference of discrimination, i.e., a mosaic of intentional discrimination." *Vega*, 801 F.3d at 86-87 (italics and internal quotation marks omitted).

## DISCUSSION

### I.     Defendants' Arguments

Defendants put forth five arguments.  First, that Plaintiff's claims against Rose must be dismissed as a matter of law because neither Title VII of the Civil Rights Act of 1964 nor the ADEA provide for individual liability.  (Mem. in Supp. at 4.)  Second, that Plaintiff has failed to state a claim for gender discrimination because the Complaint does not allege that she was treated differently than a male employee.  (*Id.* at 4.)  Third, that Plaintiff has failed to state a claim for age discrimination under the ADEA because Plaintiff cannot establish that her age was the "but for" reason that she was terminated.  (*Id.* at 6.)  Fourth, that Plaintiff has failed to state a claim for gender plus age discrimination because the Complaint contains no factual allegations to establish that she was terminated based upon her gender.  (*Id.* at 7.)  And finally, Defendants argue that Plaintiff has failed to state a claim for age plus gender discrimination because the Second Circuit does not recognize such claims.  (*Id.*)  The Court will evaluate each of these arguments in turn.

## II. GENDER DISCRIMINATION AS ALLEGED IN COUNT I

### a. Title VII

"Title VII prohibits discrimination . . . because of . . . sex in the terms or conditions of employment." *Oncale v. Sundowner Offshore Services, Inc.*, 523 U.S. 75, 79–80 (1998) (internal quotation marks omitted). The Supreme Court has explained that "an individual plaintiff may establish a prima facie case [of discrimination] by 'showing actions taken by the employer from which one can infer, if such actions remain unexplained, that it is more likely than not that such actions were based on a discriminatory criterion illegal under' Title VII." *Young v. United Parcel Service, Inc.*, 135 S. Ct. 1338, 1353 (2015) (citing *Furnco Constr. Corp. v. Waters*, 438 U.S. 567, 575 (1987)). This burden is not onerous, nor "does it require the plaintiff to show that those whom the employer favored and those whom the employer disfavored were similar in all but the protected ways." *Id.* at 1354 (citing *McDonnel Douglas Corp. v. Green*, 411 U.S. 792, 802 (1973); *Texas Dep't of Community Affairs v. Burdine*, 450 U.S. 248, 253 (1981)).

### b. Gender Discrimination Claim Against Joseph Rose

It is well-established precedent in the Second Circuit that "an individual defendant with supervisory control may not be held personally liable under Title VII[.]" *Rojas v. Roman Catholic Diocese of Rochester*, 660 F.3d 98, 107 n. 10 (2d Cir. 2011) (citing *Tomka v. Seiler Corp.*, 66 F.3d 1295, 1313 (2d Cir. 1995) *abrogated on other grounds by Burlington Ind. v. Ellerth*, 524 U.S. 742 (1998)).

In Plaintiff's Memorandum in Opposition to the Motion to Dismiss, she argues that she has established a prima facie case against Rose under New York Executive Law § 296. (Mem. in Opp. [DE 11] at 6.) As Defendants correctly point out in their Reply in Support, however, Plaintiff does not bring a claim under § 296; in fact, § 296 is never mentioned in the Complaint.

Rather, she brings a claim under Title VII. (*See* Compl. ¶ 3, 22 (stating under Count I that "Plaintiff was terminated by Defendants in violation of Title VII of the Civil Rights Act of 1964 based on her gender.") Plaintiff does not offer any authority in support of her claim against Rose under Title VII. As "an individual defendant with supervisory control may not be held personally liable under Title VII"—the Title VII claim against Rose is dismissed. *See Rojas*, 660 F.3d at 107 n. 10.

   c. *Gender Discrimination Claim Against the Town*

As explained above, "at the pleading stage . . ., a plaintiff has a 'minimal burden" of alleging facts 'suggesting an inference of discriminatory motivation.'" Vega, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 310.) However, there must be *some* facts that can suggest an inference of discrimination. Here, the undisputed evidence is that Plaintiff's replacement was also a woman. (*See, e.g.*, Compl. ¶ 42 ("On or about April 17, 2015, Plaintiff was terminated by Defendants based on the fact that she was female over the age of fifty-six (56) and in order to replace her with another female[.]") "While not dispositive, this fact weighs against a finding of discrimination[.]" *Stouter v. Smithtown Central School Dist.*, 687 F. Supp. 2d 224, 233 (E.D.N.Y. 2010) (citing *Williams v. Palladia, Inc.*, 2009 WL 362100, at *9–10 (S.D.N.Y. Feb. 10, 2009) (finding that plaintiff failed to demonstrate a prima facie case of gender discrimination in part because he was replaced by another male); *see also Romanello v. Shiseido Cosmetics America Ltd.*, 2002 WL 31190169, at *20 *(S.D.N.Y. Sept. 30, 2002) (explaining that "no reasonable jury could find that plaintiff was discriminated against because of her gender" when, in part, she was replaced by another woman).

Plaintiff cites to a case in which a 53-year old woman was discharged and her duties were distributed between two men who were ten to fifteen years younger. *See McFadden-Pell v.*

*Staten Island Cable*, 873 F. Supp. 757, 763 (E.D.N.Y. 1994). Plaintiff claims that the "same facts exist at bar," but the Court is unpersuaded. (Mem. in Supp. at 9.) In *McFadden*, the person who was discharged was replaced by someone of the other gender. *McFadden-Pell*, 873 F. Supp. at 763. Here, Plaintiff was replaced by another woman. This is a key distinction in a case about gender discrimination.

A plaintiff may also show that an employment decision was based on gender by proffering evidence of sexual stereotyping. *Galdieri-Ambrosini*, 136 F.3d at 289 (citing *Price Waterhouse v. Hopkins*, 490 U.S. 228, 249 (1989) (plurality opinion) (superseded by statute on other grounds). For example, in *Price Waterhouse* the Court upheld the trial court's finding that an employer's decision not to promote a woman employee because of partners' evaluations that the woman was too "aggressive" "showed sex stereotyping in operation." 490 U.S. at 249. Here, there is no evidence before the Court that Defendants engaged in sex stereotyping. Neither Plaintiff nor Defendants discuss any statements made to or about Plaintiff, other than Plaintiff's assertion that she served with "distinction and commendation." (Compl. ¶¶ 8 – 10). While Plaintiff alleges in the Complaint that "from the time she started, [] Bologna received undue attention from the other male staff members of the office . . . especially Defendant, Joseph Rose," this statement alone is not suggest an inference of gender discrimination. (*Id.* ¶ 12.) There are no other statements in either the Complaint or any of the motion papers with even a whiff of sex stereotyping.

Accordingly, even though Plaintiff's burden is "minimal" at this stage, she has failed to allege facts suggesting an inference of gender discrimination under Title VII against the Town. Therefore, Count I of the Complaint is dismissed.

### III. AGE DISCRIMINATION UNDER THE ADEA AS ALLEGED IN COUNT II

   a. *The ADEA*

The ADEA provides that it is "unlawful for an employer . . . to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment because of such individual's age." 29 U.S.C. § 623(a)(1). This protection covers employees who are at least 40 years old. *Id.* at § 631(a).

   b. *Age Discrimination Claim Against Defendant Rose*

As with Title VII, there is no individual liability under the ADEA. *See Jones v. New York City Dep't of Ed.*, 286 F. Supp. 3d 442, 447 (E.D.N.Y. 2018) (citing *Wray v. Edward Blank Assocs., Inc.*, 924 F. Supp. 498, 503–04 (S.D.N.Y. 1996)); *see also Leykis v. NYP Holdings, Inc.*, 899 F. Supp. 986, 991 (E.D.N.Y. 1995). Therefore, Plaintiff's ADEA claim against Defendant Rose is dismissed.

   c. *Age Discrimination Claim Against the Town*

As previously noted, to survive a motion to dismiss, a discrimination plaintiff need only allege facts "suggesting an inference of discrimination." *Vega*, 801 F.3d at 84 (quoting *Littlejohn*, 795 F.3d at 310.) Here, Plaintiff has more than met her burden with regards to her claim against the Town for age discrimination. Plaintiff was fifty-six years old when she was terminated. (Compl. ¶ 1.) She was clearly qualified for the position of Executive Secretary, as she held it for fourteen years through three changes in Director of Public Safety. (*Id.* ¶¶ 7 – 14.) Moreover, it is uncontested that Plaintiff had no "documented instances of verbal or written warning for any inappropriate behaviors, actions, or statements" and that she held the position without incident and with "distinction and commendation." (*Id.* ¶¶ 8–10, 18–20.) Nevertheless, Plaintiff was fired and replaced with a 23-year-old person with no experience in the position (and

only 2 years of experience as a part-time administrative clerk). (*Id.* ¶ 15.) This "sequence of events leading to the plaintiff's discharge'" suggest an inference of age discrimination. *See Littlejohn*, 795 F.3d at 312.

Defendants argue that Plaintiff cannot make out a case of age discrimination because she does not claim that it is the "but for" cause for her employment termination. (Mem. in Supp. at 6.) Defendants cite to the Supreme Court's decision in *Gross v. FBL Financial Services, Inc.*, in which the Court held that "a plaintiff bringing a disparate-treatment claim pursuant to the ADEA must prove, by a preponderance of the evidence, that age was the 'but-for' cause of the challenged adverse employment action." 557 U.S. 167, 180 (2009). Defendants argue that "Plaintiff's Complaint articulates various theories as to why she was fired, but they all center around her apparent belief that she was not as attractive as the younger, female employee who replaced her." (Mem. in Supp. at 7.) As Defendants seem to understand, the fact that Ms. Bologna was "younger" is dispositive. In the Complaint, Plaintiff clearly draws a connection between age and attractiveness. She indicates that Defendant Rose found her less attractive than her replacement because of her older age. By contrast, Plaintiff suggests that Defendant Rose found Ms. Bologna attractive because of her younger age. Plaintiff was replaced without cause, for someone who was significantly younger and inexperienced. This is sufficient to give rise to an inference of discrimination. Under the *Littlejohn* standard, the Court need not determine whether age was the "but for" cause at this stage. Therefore, the motion to dismiss is denied as to Count II of the Complaint.

IV. **"GENDER PLUS AGE" DISCRIMINATION AS ALLEGED IN COUNT III**

As the Court has already dismissed Plaintiff's gender discrimination claim for failure to allege facts suggesting an inference of discrimination, she cannot make out a case for gender plus

age discrimination. It is also noteworthy that Plaintiff did not respond to any of Defendants' arguments regarding Count III in her Memorandum in Opposition. As a result, this Court considers these claims abandoned by the Plaintiff. *See Beider v. Retrieval Masters Creditors Bureau Inc.*, 146 F. Supp. 3d 465, 470 (E.D.N.Y. 2015) (citing *Youmans v. Schriro*, 2013 WL 6284422, at *5 (S.D.N.Y. Dec. 3, 2013)). Accordingly, Count III of the Complaint is dismissed.

V. **"AGE PLUS GENDER" DISCRIMINATION AS ALLEGED IN COUNT IV**

As touched on above, the Supreme Court has held that to bring a claim for age discrimination under the ADEA, a plaintiff must prove, "by a preponderance of the evidence, that age was the 'but for' cause of the challenged adverse employment action." *Gross*, 557 U.S. at 180. Accordingly, Courts in the Second Circuit have not entertained mixed motive cases for age discrimination. *See, e.g.*, *Johnson v. Napolitano*, 2013 WL 1285164, at * 8 (S.D.N.Y. 2013) ("Even where the courts have recognized two factors, courts have not included age in a protected-factor-plus consideration. The Second Circuit has not yet recognized a sex-plus-age argument."). As such, Count IV of the Complaint is dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss pursuant to Rule 12(b)(6) is granted in part and denied in part. The motion is granted as to Counts I, III, and IV of the Complaint. The motion is denied as to Count II of the Complaint, Plaintiff's claim for age discrimination under the ADEA.

**SO ORDERED.**
Dated: Central Islip, New York
      May 2, 2018

                                                /s/
                                          Denis R. Hurley
                                          Unites States District Judge